UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARTIROSYAN, | No. 2:23-cv-01382-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| DOE DEFENDANTS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff originally filed in state court; on July 12, 2023, defendant R. St. Andre[1] removed the action to federal court. ECF No. 1.[2] Plaintiff subsequently filed a first amended complaint (FAC) on August 11, 2023, which is now before the court for screening. ECF No. 8.[3]

////

---

[1] Defendant St. Andre is not named in the FAC's caption, but is named within the allegations.

[2] The docket indicates that the filing fee has been paid. ECF No. 1.

[3] Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

1

I.     **Legal Standard**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *Id.*

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.    **Analysis**

Plaintiff purports to bring claims under the First and Fifth Amendments relating to an issue with his correspondence. According to plaintiff, on May 31, 2022, he was handed "Legal

2

Mail" in an envelope that appeared to have already been opened, in violation of CDCR policy. ECF No. 8 at p. 3. Within a couple of days, plaintiff filed a grievance regarding the incident. *Id.* He was subsequently called into a meeting about the grievance. Plaintiff alleges that he was made to wait for a lengthy period during this meeting. *Id.* at p. 4. Per a memorandum dated June 21, 2022, plaintiff's grievance was found to be not sustained. *Id.* at p. 5, 13-14. Plaintiff requests both declaratory relief and monetary damages. *Id.* at p. 7.

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1955). This right, however, does not necessarily prohibit prison officials from opening mail. *Id.* As to legal mail, the question of whether it may be opened outside the inmate's presence is an open question in the Ninth Circuit. *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981); *see also Pangborn v. CDCR*, 2023 WL 2938383, *5 (E.D. Cal., April 23, 2023). The Ninth Circuit has held, however, that an isolated instance or occasional opening of legal mail outside of an inmate's presence does not rise to the level of a constitutional violation. *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). Here, plaintiff does not allege that his "legal mail" was opened outside his presence on more than one occasion as part of a pattern and practice of the prison. Thus, plaintiff's allegations do not set out a violation of the constitution or other federal law.

To the extent plaintiff intends to pursue a constitutional claim based on the alleged opening of his legal mail, plaintiff must allege specific facts that there was a pattern or practice of opening legal mail outside of the presence of the recipient. Plaintiff should also be aware that incoming mail from the courts, as opposed to mail from a prisoner's attorney, is not considered "legal mail" and may therefore be opened outside the inmate's presence. *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1995), amended by 135 F.3d 1318 (9th Cir. 1998). Accordingly, plaintiff's allegations should include a description of the mail he maintains was "legal mail."

### III.   Leave to Amend

Plaintiff's FAC is dismissed with leave to amend. If plaintiff chooses to file a second amended complaint, he should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Further, plaintiff should list in the caption of his complaint the name of each defendant he is suing. The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of plaintiff's rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### IV. Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's FAC (ECF No. 8) is DISMISSED with leave to amend within 30 days from the date of service of this order.
2. All other outstanding motions are denied as moot.
3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: September 20, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE