1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAFAEL MARTIROSYAN,                           No. 2:23-cv-01382-DAD-EFB (PC)

12                        Plaintiff,

13           v.                                      ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14    DOE DEFENDANTS, et al.,

15                        Defendants.

16

17           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.[1]  He filed a first amended complaint (FAC) which the court dismissed on

19    screening for failure to state a cognizable claim.  ECF No. 11.  He has since filed a second

20    amended complaint, and defendant has filed a motion requesting that the court screen it.  ECF

21    Nos. 16, 17.  For the reasons that follow the second amended complaint must be dismissed.

22    **I.       Legal Standard**

23           Federal courts must engage in a preliminary screening of cases in which prisoners seek

24    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

25    1915A.  The court must identify cognizable claims or dismiss the complaint, or any portion of the

26    complaint, if the complaint is frivolous or malicious, fails to state a claim on which relief may be

27    _____

28    [1] Plaintiff filed this case in state court, but it was removed to this court by defendant R. St.
      Andre based on federal question jurisdiction.  ECF No. 1, 28 U.S.C. §§ 1331 and 1441(a).

1

1    granted, or seeks monetary relief against an immune defendant.  *Id.*

2        Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

3    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

4    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

5    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

6    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

7    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

8    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

9    relief above the speculative level on the assumption that all of the complaint's allegations are

10    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

11    legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

12    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

13        In reviewing a complaint under this standard, the court must accept as true the allegations

14    of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

15    construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

16    plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

17    the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

18    "requires a complaint to include a short and plain statement of the claim showing that the pleader

19    is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

20    upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

21    **II.      Analysis**

22        Plaintiff alleges that on May 31, 2022, an unidentified defendant opened plaintiff's mail

23    that was marked "Legal" outside of plaintiff's presence.  ECF No. 16 at 3.  Within a couple of

24    days, plaintiff filed a grievance regarding the incident.  *Id.*  He was subsequently escorted to a

25    meeting about the grievance.  Plaintiff alleges that defendant Rodriguez made plaintiff wait in a

26    holding cage for at least 20 minutes to punish plaintiff for complaining about the opened mail.  *Id.*

27    at 3, 5.  Defendant St. Andre, prison warden, did not sustain plaintiff's grievance.  *Id.* at 5.

28    ////

1         Plaintiff claims that his constitutional rights and rights under title 15 of the California

2   Code of Regulations were violated when his mail was opened, that defendant Rodriguez retaliated

3   against him in violation of the First Amendment, and that defendant St. Andre is liable for not

4   granting plaintiff's grievance and for being an incompetent supervisor.  The court has reviewed

5   plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and finds, for the following

6   reasons, that plaintiff has again failed to state a potentially cognizable claim.

7         Legal Mail.  Prisoners have a First Amendment right to send and receive mail.  *See*

8   *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1955).  This right, however, does not necessarily

9   prohibit prison officials from opening mail.  *Id.*  As to legal mail, the question of whether it may

10   be opened outside the inmate's presence is an open question in the Ninth Circuit.  *Sherman v.*

11   *MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981); *see also Pangborn v. CDCR*, 2023 WL 2938383,

12   *5 (E.D. Cal., April 23, 2023).  The Ninth Circuit has held, however, that an isolated instance or

13   occasional opening of legal mail outside of an inmate's presence does not rise to the level of a

14   constitutional violation.  *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).  Plaintiff

15   again fails to allege that his "legal mail" was opened outside his presence on more than one

16   occasion as part of a pattern and practice of the prison.

17         In screening the first amended complaint, the court informed plaintiff that, to the extent

18   plaintiff wished to pursue a constitutional claim based on the alleged opening of his legal mail, he

19   must allege specific facts showing that there was a pattern or practice of opening his legal mail

20   outside of his presence.  The court further informed plaintiff that incoming mail from the courts,

21   as opposed to mail from a prisoner's attorney, is not considered "legal mail" and may therefore be

22   opened outside the inmate's presence.  *Keenan v. Hall,* 83 F.3d 1083, 1094 (9th Cir. 1995),

23   amended by 135 F.3d 1318 (9th Cir. 1998).  Accordingly, the court instructed plaintiff to include

24   a description of the mail he maintains was "legal mail."  Plaintiff's second amended complaint

25   fails to do so and does not allege facts showing a pattern or practice of opening legal mail outside

26   the presence of prisoners.

27         To the extent that plaintiff alleges that defendants violated some provision within title 15

28   of the California Code of regulations, such a claim fails as a matter of law, because these

1   regulations do not provide a private right of action.  *Nible v. Fink*, 828 Fed. Appx. 463, 464 (9th

2   Cir. 2020).

3       Plaintiff's claim against defendant St. Andre for ruling against him on his grievance also

4   fails as a matter of law, as inmates lack a federal constitutional right to proper grievance

5   processing.   "An allegation that a prison official inappropriately denied or failed to adequately

6   respond to a grievance, without more, does not state a claim under § 1983."  *Evans v. Skolnik*, 637

7   F. App'x 285, 288 (9th Cir. 2015) (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

8   *See also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

9       Plaintiff's claim against defendant St. Andre for poor supervision of his staff also fails as

10   a matter of law, as there is no respondeat superior liability under § 1983.  "In order for a person

11   acting under color of state law to be liable under section 1983 there must be a showing of

12   personal participation in the alleged rights deprivation: there is no respondeat superior liability

13   under section 1983."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (citing *Monell v. New*

14   *York City Dept. of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

15       Lastly, plaintiff's claim that defendant Rodriguez unlawfully retaliated against him by

16   leaving him in the holding cage for a period somewhat longer than 20 minutes fails.  To state a

17   viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion

18   that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

19   protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment

20   rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v.*

21   *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First Amendment

22   includes communications that are "part of the grievance process."  *Brodheim v. Cry*, 584 F.3d

23   1262, 1271 n.4 (9th Cir. 2009).

24       Though an adverse action need not be an independent constitutional violation,

25   inconsequential or de minimis harms do not constitute adverse actions.  *Bell v. Johnson*, 308 F.3d

26   594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to

27   constitutionally cognizable injuries." (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir.

28   1999))); *Rhodes*, 408 F.3d at 567 n.11; *Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006)

(prisoner's job reassignment from the commissary to the kitchen for one week, with one day spent in the unpleasant pot room, did not rise to the level of actionable retaliation); *Miller v. Sanchez*, 2020 U.S. Dist. LEXIS 17170, 2020 WL 528010, at *6 (C.D. Cal. Feb. 3, 2020) (assignment to a job that conflicted with law library access for a single day is de minimis and does not rise to the level of an adverse action that would deter a prisoner of "ordinary firmness" from further First Amendment activities); *Rodgers v. Martin*, 2015 U.S. Dist. LEXIS 46112, 2015 WL 1565359, at *7 (E.D. Cal. Apr. 8, 2015) (denial of single meal "too de minimis to chill a person of ordinary firmness"); *Soriano v. Naranjo*, 2011 U.S. Dist. LEXIS 106043, 2011 WL 4375292, at *4 (E.D. Cal. Sept. 19, 2011) (being deprived of a single meal failed to allege a sufficiently adverse action in order to state a retaliation claim).  The retaliatory act that plaintiff alleges here was making him wait for a period of approximately 20 minutes, perhaps longer by several minutes, but not a wait that involved a lengthy and extended duration.  That wait is de minimis and does not rise to the level of an adverse action that would deter a prisoner of "ordinary firmness" from further First Amendment activities.

Thus, the allegations of the Second Amended Complaint do not set out a violation of the constitution or other federal law and must be dismissed for failure to state a claim.  Plaintiff has been afforded two opportunities to amend his complaint to state a cognizable claim and has not done so.  Accordingly, the case should be dismissed without further leave to amend.  *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

**III.    Order and Recommendation**

Accordingly, IT IS ORDERED that defendant's motion for the court to screen the second amended complaint (ECF No. 17) is GRANTED.  It is further RECOMMENDED that the action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

5

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE