1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAFAEL MARTIROSYAN,                      No.  2:23-cv-01382-DAD-EFB

12                    Plaintiff,

13          v.                                 ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS IN PART AND
14    ST. ANDRE, et al.,                       DISMISSING THE SECOND AMENDED
                                               COMPLAINT WITH LEAVE TO AMEND
15                    Defendants.
                                               (Doc. No. 19, 22)
16

17          Plaintiff Rafael Martirosyan is a state prisoner proceeding *pro se* in this civil rights action

18   brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On August 16, 2024, the assigned magistrate judge issued findings and recommendations

21   recommending that this action be dismissed without leave to amend due to plaintiff's failure to

22   state a cognizable claim for relief in his second amended complaint ("SAC").  (Doc. No. 19.)  In

23   this regard, the magistrate judge determined that plaintiff's First Amendment claim alleging that

24   an unidentified Doe defendant opened plaintiff's mail that was marked "Legal" outside plaintiff's

25   presence should be dismissed because: (1) plaintiff had failed to allege that the envelope which

26   was opened contained material considered to be "legal mail" such as mail from an attorney as

27   opposed to mail from the courts; and (2) plaintiff failed to allege facts showing that there was a

28   /////

                                                 1

1   pattern or practice of opening his true "legal mail" outside of his presence.  (*Id.* at 3.)[1]  Plaintiff

2   also asserted that defendants' conduct was in violation of a regulation found in title 15 of the

3   California Code of regulations.  (*Id.* at 3–4.)  However, the magistrate judge concluded that this

4   allegation did not amount to a cognizable claim for relief because the state regulation did not

5   provide a private right of action.  (*Id.* at 4.)  It was also recommended that plaintiff's claim

6   brought against defendant St. Andre for ruling against plaintiff in response to an inmate grievance

7   be dismissed because alleging that a prison official inappropriately denied or failed to adequately

8   respond to an inmate grievance, without more, does not state a claim under § 1983.  (*Id.*)  Next, it

9   was recommended that plaintiff's supervisory liability claim also brought against defendant St.

10  Andre be dismissed because there is no *respondeat superior* liability under § 1983.  (*Id.*)  Finally,

11  it was recommended that the claim brought against defendant Rodriguez be dismissed because

12  plaintiff's allegations that he was forced to wait approximately twenty (20) minutes in a holding

13  cell was a *de minimis* harm and therefore was non-actionable.  (*Id.* at 4–5.)

14      The findings and recommendations were served upon plaintiff and contained notice that

15  any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 5–6.)  On

16  September 19, 2024, the assigned magistrate judge granted plaintiff's motion for an extension of

17  time to file objections (Doc. No. 20) and directed plaintiff to file objections no later than October

18  14, 2024.  (Doc. No. 21.)  On October 24, 2024,[2] plaintiff filed objections to the pending findings

19  and recommendations.  No response to plaintiff's objections were filed by defendants.

20      In his objections, plaintiff first argues that a single instance of his legal mail being opened

21  by a Doe defendant can constitute a constitutional violation.  (Doc. No. 24 at 6.)  In support of

22  this objection plaintiff cites to a decision of the Ninth Circuit Court of Appeals in which it was

23  found that an allegation of two instances of improper opening of a prisoner's legal mail was a

---

[1]  The magistrate judge also noted that "[a]s to legal mail, the question of whether it may
be opened outside the inmate's presence is an open question in the Ninth Circuit."  (Doc. No. 19
at 3) (citing *Sherman v. MacDougall*, 656 F.2d 527, 528 (9th Cir. 1981) and *Pangborn v. CDCR*,
No. 2:22-cv-1998-DAD-KJN (PC), 2023 WL 2938383, *5 (E.D. Cal. Apr. 23, 2023)).

[2]  The undersigned notes that the delay in filing objections appears to be due to plaintiff being
transferred to Calipatria State Prison in October.  (Doc. No. 23.)

1    sufficient basis upon which to allege a Sixth Amendment violation.  (*Id.*) (citing *Mangiaracina v.*

2    *Penzone*, 849 F.3d 1191, 1196–97 (9th Cir. 2017) ("Thus, even isolated incidents of improper

3    mail opening may, in appropriate circumstances, be sufficient to allege a Sixth Amendment

4    violation.")).  Plaintiff next objects to the finding that in the allegations of his SAC he had failed

5    to describe the letter which he alleges was opened by a Doe defendant outside of his presence.

6    (Doc. No. 24 at 7–8.)  Specifically in this regard, plaintiff cites to paragraphs 22 and 41 of his

7    SAC.  (Id.)  Plaintiff also objects to the recommendation that his second claim brought against

8    defendant St. Andre be dismissed, arguing that he has properly alleged a claim for supervisory

9    liability.  (Doc. No. 24 at 9.)  Finally, plaintiff has attached a copy of Exhibit 2 of his SAC to his

10   objections.  (Doc. No. 24 at 13–16.)  The court will address each of plaintiff's objections below.

11          Plaintiff alleges that his First Amendment rights were violated, rather than his Sixth

12   Amendment rights.  (Doc. No. 16 at ¶ 41.)  The findings and recommendation concluded that this

13   claim was subject to dismissal, in part, because plaintiff had failed to allege facts showing that

14   there was a pattern or practice of opening his "legal mail" outside of his presence at his place of

15   confinement.  (*Id.* at 3.)  However, the Ninth Circuit has held that in order to state a cognizable

16   claim for violation of his First or Sixth Amendment rights, a prisoner plaintiff is not required to

17   allege a pattern or practice of such conduct and that a single, isolated instance of that conduct

18   may be sufficient to state a claim.  *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir.

19   2017) ("But a plaintiff need not allege a longstanding practice of violating his First Amendment

20   rights [by prison officials opening his legal mail outside his presence] in order to state a claim for

21   relief[.]"); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (the Sixth

22   Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is

23   inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to

24   a constitutional violation; and reversing the dismissal of plaintiff's First Amendment claim as

25   well.); *Nyland v. Calaveras Cnty. Sheriff's Jail*, 688 Fed. App'x. 483, 485–86 (9th Cir. 2017)[3]

26   (vacating dismissal of claims related to the opening of the plaintiff's legal mail); *Doreh v.*

27   _____

28   [3]  Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate
     pursuant to Ninth Circuit Rule 36–3(b).

1    *Rodriguez*, 723 Fed. App'x. 530, 531 (9th Cir. 2018); *see also Camposeco v. Bordreaux*, No.

2    1:19-cv-01330-AWI-BAM (PC), 2021 WL 4710801, at *9 (E.D. Cal. Oct. 8, 2021) (finding that

3    the plaintiff's allegation that the defendants had opened legal mail and viewed a flash drive

4    contained therein on one occasion stated a cognizable claim for violation of his First Amendment

5    rights), *report and recommendation adopted*, No. 1:19-cv-01330-AWI-BAM (PC), 2021 WL

6    5330955 (E.D. Cal. Nov. 16, 2021).[4]  Thus, in order to survive a motion to dismiss, a plaintiff

7    need only allege that there was an instance where "mail [that] was marked 'Confidential Legal

8    Mail' [or] that [] concerned actual or contemplated litigation[]" was opened outside of his

9    presence.  *Corral v. Woodman*, No. 2:18-cv-01769-KJM-DMC (PC), 2019 WL 6838682, at *2

10   (E.D. Cal. Dec. 16, 2019).  Accordingly, the undersigned will decline to adopt the

11   recommendation that plaintiff's First Amendment claim be dismissed based upon his failure to

12   allege facts showing that there was a pattern or practice of opening his "legal mail" outside of his

13   presence.

14           Plaintiff's second objection—that he has alleged with sufficient specificity the legal nature

15   of his mail which was purportedly opened outside his presence—is somewhat less straight

16   forward.  At paragraph 22 of his SAC plaintiff alleges that he filed an inmate grievance which he

17   attached as Exhibit 1 to his complaint.  (Doc. No. 16 at ¶ 22.)  In paragraph 41 of the SAC

18   plaintiff alleges that an unidentified defendant violated plaintiff's First Amendment rights by

19   opening an envelope clearly marked as "Confidential Legal Mail" outside of plaintiff's presence.

20   (*Id.* at ¶ 41.)  However, plaintiff does not otherwise describe this envelope or allege that it

21   actually contained legal mail.  *See, e.g., Turner v. Williams*, No. 16-cv-06764-PA-JPR, 2018 WL

22   1989512, at *3 (C.D. Cal. Mar. 9, 2018) (finding that the plaintiff was required to plausibly allege

23   that the mail opened by the defendant was legal mail under the Ninth Circuit's definition), *report*

24   *and recommendation adopted*, No. 16-cv-06764-PA-JPR, 2018 WL 1989513 (C.D. Cal. Apr. 25,

25   ───────────────

     [4]  As noted above, the findings and recommendations relied upon the Ninth Circuit's earlier

26   decision in *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).  However, *Stevenson* has

     subsequently been distinguished from cases like this one because in Stevenson the court held only

27   that the defendant probation officer who had delivered the mail could not be held liable for a

     correctional officer's opening of the plaintiff's legal mail outside the prisoner plaintiff's presence.

28   *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209 (9th Cir. 2017).

1    2018).  To state a cognizable claim for relief under the First Amendment for improper opening of

2    a prisoner's legal mail outside of the prisoner's presence, a plaintiff must allege who sent the

3    mail, whether it was properly marked as legal mail, and that the mail concerned an actual or

4    contemplated legal proceeding.  *See id.* at *3 (finding that the plaintiff failed to allege that the

5    mail she received was from an entity representing her or that it "concerned an actual or

6    contemplated legal proceeding[]"); *see also Montgomery v. Madera Dep't of Corr.*, 1:23-cv-

7    00919-SAB (PC), 2023 WL 6316420, at *2 (E.D. Cal. Sept. 28, 2023) (discussing the

8    requirements for legal mail and holding that the plaintiff had failed to state a cognizable claim for

9    relief where the plaintiff failed to allege who sent legal mail to her, its contents, or whether it was

10   clearly marked as legal mail).  While plaintiff has attached the envelope and its contents as

11   exhibits to the complaint, "[a]ll allegations necessary to state a claim upon which relief can be

12   granted must be included in the body of plaintiff's amended complaint."  *Keesee v. Stanislaus*

13   *Cnty.*, No. 2:23-cv-01854-DAD-CKD (PC), 2024 WL 4268071 (E.D. Cal. Sept. 23, 2024).  While

14   the undersigned notes that the exhibit marked Exhibit 2 in plaintiff's SAC does appear to be an

15   envelope bearing a stamp designating it as "Confidential Legal Mail" and appears on its face to

16   be from a law firm, the SAC does not contain any allegations indicating what Exhibit 2 is

17   supposed to represent or otherwise referring to the exhibit.  (Doc. No. 16 at 10); *see United States*

18   *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that documents attached to a complaint may

19   be considered part of the pleading or incorporated by reference if plaintiff "refers extensively to

20   the document"); *see also Budd v. Flemming*, No. 1:23-cv-00748-BAM (PC), 2023 WL 7131888,

21   at *2 (E.D. Cal. Oct. 30, 2023) (finding that exhibits which were attached to the plaintiff's

22   complaint but not incorporated by reference or explained are not required to be considered),

23   *report and recommendation adopted*, No. 1:23-cv-00748-KES-BAM (PC), 2024 WL 1886600

24   (E.D. Cal. Apr. 30, 2024). Therefore, the undersigned will adopt the magistrate judge's finding

25   that plaintiff has not included a description of the mail he maintains was "legal mail" and will

26   dismiss his First Amendment claim.

27        However, "[t]here is no *respondeat superior* liability under § 1983, and the supervisor of

28   an individual who allegedly violated a plaintiff's constitutional rights is not made liable for the

1   violation simply by virtue of that role." *Saved Mag. v. Spokane Police Dep't*, 505 F. Supp. 3d

2   1095, 1104 (E.D. Wash. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)),

3   *aff'd*, 19 F.4th 1193 (9th Cir. 2021).  Plaintiff's objections then do not provide a basis on which to

4   reject the recommendation that his supervisory liability claim be dismissed.  Accordingly, the

5   undersigned will adopt the magistrate judge's recommendation that plaintiff's supervisory

6   liability claim against defendant St. Andre be dismissed.

7          Though the undersigned is not certain as to whether these are representations of the

8   envelope that plaintiff alleges a Doe defendant opened, it appears at least possible.  These

9   documents could be incorporated by reference to support a further amended complaint and it is

10   not clear that "the pleading could not possibly be cured by the allegation of other facts."  *Cook,*

11   *Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  Thus,

12   the court declines to adopt the pending recommendation that plaintiff's First Amendment claim

13   against the Doe defendant be dismissed with prejudice.  Rather, the court will dismiss that claim

14   with further leave to amend and provide plaintiff an opportunity to file a third amended complaint

15   against defendants to attempt to cure the deficiencies identified by the screening order and

16   findings and recommendations dated August 16, 2024.  (Doc. No. 19.)

17          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

18   *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the

19   pending findings and recommendations are supported by the record and proper analysis.

20          Accordingly,

21          1.     The findings and recommendations issued on August 16, 2024 (Doc. No. 19) are

22                 adopted in part as follows:

23                 a.     Plaintiff's supervisory liability claim against defendant St. Andre is

24                        dismissed without leave to amend;

25                 b.     Plaintiff's grievance processing claim against defendant St. Andre is

26                        dismissed without leave to amend;

27                 c.     Plaintiff's unlawful retaliation claim against defendant Rodriguez is

28                        dismissed without leave to amend;

2.  The court declines in part to adopt the findings and recommendations (Doc. No. 19) recommending that plaintiff's First Amendment claim against a Doe defendant be dismissed without leave to amend;

3.  Plaintiff's First Amendment claim against a Doe defendant is dismissed, with leave to amend;

4.  Within thirty (30) days from the date of this order, plaintiff shall either file a third amended complaint or a notice of his intent not to do so;

5.  Plaintiff is warned that his failure to file a third amended complaint will result in dismissal of this action;

6.  The Clerk of the Court is directed to update the docket to reflect that defendants St. Andre and Rodriguez have been terminated as named defendants from this action; and

7.  This matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  __January 17, 2025__                       _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

7