UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MARTIROSYAN, | No. 2:23-cv-01382-DAD-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ST. ANDRE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed his original complaint in state court, and defendant St. Andre removed the case to this court. ECF No. 1. Plaintiff amended his complaint once before any screening occurred. The court dismissed the first amended complaint (FAC) and the second amended complaint (SAC) on screening for failure to state a cognizable claim. ECF Nos. 11, 16, 19, 24, 26. Plaintiff has since filed a third amended complaint (TAC), and defendant[1] has filed a motion requesting that the court screen it. ECF Nos. 27, 28.

Before he filed the TAC, plaintiff also filed an "Urgent Plea" which the court has construed as a motion for a temporary restraining order (the "TRO Motion"). ECF No. 22.

---

[1] Although the motion requesting screening is nominally filed on behalf of St. Andre, the sole remaining potential claim upon screening of the SAC was against a Doe defendant. ECF No. 26 at 7. The SAC had also alleged claims against two named defendants: St. Andre and Rodriguez. However, the claims against both St. Andre and Rodriguez were dismissed without leave to amend upon screening of the SAC. *Id*. at 6.

1

Defendant has not responded to the TRO Motion. For the reasons that follow, the court will recommend that 1) named defendant Rodriguez be reinstated on the docket and the case proceed on plaintiff's First and Sixth Amendment claims against Rodriguez and the Doe defendant, and 2) plaintiff's TRO Motion be denied.

### I. Legal Standard for Screening the TAC

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *Id.*

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

## II.    Analysis of the TAC

Plaintiff alleges that on May 31, 2022, he received an item of mail that was clearly marked "CONFIDENTIAL LEGAL MAIL," and which had already been opened outside of plaintiff's presence by either Rodriguez or the Doe defendant. ECF No. 27 at 2, 4. The envelop had been cut open and the cut had been taped over. *Id*. at 4. The return address on the item of mail belonged to a law firm. *Id*. The envelop contained a letter responding to plaintiff's inquiry to the law firm. *Id*. Plaintiff filed a grievance regarding the incident. *Id*. at 5. He claims he was given an incomplete grievance form, but he improvised with the form he was given, and his grievance received investigation including a meeting with the investigative sergeant. *Id*. The court has reviewed plaintiff's TAC pursuant to 28 U.S.C. § 1915A and finds, for the following reasons, that plaintiff has stated a potentially cognizable claim against Rodriguez and the Doe defendant who are alleged to have opened his mail.

<u>Legal Mail Under the First and Sixth Amendments.</u>  Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1955). This right, however, does not necessarily prohibit prison officials from opening mail. *Id*. But as to legal mail specifically, "prisoners have a Sixth Amendment right to confer privately with counsel and [] the practice of opening legal mail in the prisoner's presence is specifically designed to protect that right." *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196 (9th Cir. 2017). The Ninth Circuit has held that a single, isolated instance of opened "legal mail" may be sufficient to state a claim. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017); *see also* ECF No. 26 at 3-4 (collecting cases). Therefore, the TAC states an actionable claim for violation of plaintiff's rights under the First and Sixth Amendments.

Plaintiff alleges that the prison official who opened the item of legal mail was either or both: (1) correctional officer Rodriguez, who is in charge of running the administrative segregation unit at High Desert State Prison (HDSP); or (2) the Doe defendant. ECF No. 27 at 1.

////

<u>The Nature of The Claim Against Rodriguez</u>.  The TAC makes clear for the first time that plaintiff alleges that defendant Rodriguez opened the item of legal mail.  Therefore, the TAC states an actionable claim against Rodriguez for violation of plaintiff's rights to receive legal mail under the First and Sixth Amendments.

The TAC also repeats plaintiff's allegation from his SAC, that Rodriguez made plaintiff wait in a holding cage for at least 20 minutes to punish plaintiff for complaining about the opened legal mail.  ECF No. 27 at 6; *see* ECF No. 16 at 3 ¶ 27 to 5 ¶ 34.  This allegation was found to be *de minimis* and non-actionable, and this claim against Rodriguez was dismissed without leave to amend.  ECF No. 19 at 4-5; ECF No. 26 at 2, 6.  The court ordered the Clerk to update the docket to terminate Rodriguez as a named defendant.  ECF No. 26 at 7 ¶ 6.  Because the TAC does state a claim against Rodriguez, he must be reinstated on the docket as a named defendant.

<u>The Doe Defendant</u>.  The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identity of this "Doe," he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.  Plaintiff will be given the "opportunity through discovery to identify the unknown [Doe] defendant." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (citation and internal quotation marks omitted).  Plaintiff will be required to identify the Doe defendant with enough information to locate the Doe defendant for service of process.

**III.   The TRO Motion**

On October 7, 2024, plaintiff filed a pleading styled as an "Urgent Plea" and which the court has construed as plaintiff's TRO Motion.  ECF No. 22.  Plaintiff had been informed sometime prior to September 24, 2024 of an upcoming transfer away from the California State Prison at Corcoran (CSP-Corcoran).[2]  *Id*. at 1.  Plaintiff appears to believe the transfer was due to

---

[2] Plaintiff's claims in this lawsuit arose while he was incarcerated at HDSP.  ECF No. 27 at 1.  Apparently, he was subsequently moved to CSP-Corcoran.  He is currently at Calipatria State Prison.  ECF No. 23.

a Behavioral Override. *Id*. at 2. He asked his counselor on September 24 whether he had been "endorsed" with notice to pack for the transfer, and the counselor told him "not yet." On September 25, plaintiff gave the librarian legal documents including: (1) a cover sheet and complaint to initiate a separate lawsuit; and (2) a motion for a temporary restraining order asking to stop his transfer. As discussed *infra*, the motion for a temporary restraining order appears to be one that plaintiff intended to file in the separate lawsuit, rather than the TRO Motion under consideration here. Plaintiff claims the librarian at CSP-Corcoran refused to give him copies of the legal documents he gave her on September 25, and instead told him that the documents would be sent through the litigation office and returned to him. *Id*. Plaintiff was apparently concerned that he might leave the prison before the documents were returned to him.

On September 26, 2024, plaintiff's counselor told him that he was endorsed as of "today." Plaintiff alleges that the timing of the endorsement was highly unusual because an endorsement usually takes about a month, and then inmates are usually given a week or two to hand over their property and make an inventory. He speculates that prison authorities sped up the endorsement and/or the transfer itself because they feared his motion for a temporary restraining order to stop the transfer would be granted. He claims that "it's never been the case that one gets endorsed and is told to transpack the next day." *Id*. at 1 ¶ 9.

Plaintiff's TRO Motion asks the court to: (1) make contact with the prison to make sure the complaint for his separate lawsuit is received; (2) put a hold on his transfer out of CSP-Corcoran; and (3) have his Behavioral Override reinstated so that after he is transferred out of CSP-Corcoran he will be housed in a Level III facility instead of a Level IV facility. *Id*. at 2.

A. Judicial Notice of Court Records

The court takes judicial notice of the following pleadings filed in this court:[3]

1. Plaintiff's cover sheet and complaint in his separate lawsuit which were filed on October 2, 2024 at ECF No. 1 in *Martirosyan v. Madsen, et al.*, 1:24-cv-01168-BAM (the "*Madsen* case").

---

[3] A court may take judicial notice of court records. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5

2. Plaintiff's notices of his change of address indicating that he has been transferred to Calipatria State Prison. The notices were received and filed in both this case and in the *Madsen* case on October 21, 2024. ECF No. 23; *Madsen* case, ECF No. 9.

3. Plaintiff's subsequent pleadings filed in the *Madsen* case in 2024 and 2025, at ECF Nos. 10, 11, 12, 13.

### B. Legal Standard for Preliminary Injunctive Relief

Preliminary injunctive relief will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions – that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another – survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

////

////

////

C. <u>Analysis of the TRO Motion</u>

At the outset, the court notes that the temporary restraining order motion that plaintiff refers to in his TRO Motion appears to be a motion that he intended for filing in the *Madsen* case (the "*Madsen* case TRO motion"), rather than a motion intended for filing in this case. *See Madsen* case, ECF No. 1 at 22-25. It appears that the *Madsen* case TRO motion was bundled together with plaintiff's complaint in the *Madsen* case, both of which were filed at ECF No. 1. Thus, it appears that the court has received all of the pleadings plaintiff gave to the CSP - Corcoran librarian on September 25, 2024, comprising his civil cover sheet, complaint, and the *Madsen* case TRO motion, all captioned and filed in the *Madsen* case.

As for plaintiff's TRO Motion filed in this case, plaintiff has not shown he is entitled to any of the relief he seeks. First, the court need not contact CSP-Corcoran regarding the pleadings to initiate the *Madsen* case because the court did receive those pleadings. As for plaintiff's concern that he might not receive copies of his *Madsen* case pleadings, the fact that he continues to file pleadings in the *Madsen* case appears to indicate that plaintiff has in his possession the documents that are necessary to litigate the case. Second, plaintiff is not entitled to preliminary injunctive relief ordering a hold on his transfer from CSP-Corcoran because prisoners have no Fourteenth Amendment liberty interest in being housed in a particular institution. *See Olin v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976). Third, plaintiff is not entitled to preliminary injunctive relief regarding his classification level or his Behavioral Override because "the assignment of inmates within the California prisons is essentially a matter of administrative discretion." *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997); *see also Dennis v. Doser*, No. 1:22-cv-00818-HBK (PC), 2023 WL 4188031, at *3, 7 (E.D. Cal. June 26, 2023) (dismissing claim against prison official who allegedly refused to give a behavioral override); *Johnson v. Ryan*, 55 F.4th 1167, 1180 (9th Cir. 2022) (a state may create a liberty interest, but there is no Constitutional liberty interest in avoiding transfer to more restrictive conditions of confinement unless those conditions "impose an atypical and significant hardship under any plausible baseline" (quoting *Wilkinson v. Austin*, 545 U.S. 209, 223-224 (2005))).

Plaintiff has not made any showing of likely success on the merits, likelihood of irreparable harm in the absence of preliminary relief, the balance of equities tipping in his favor, or that any injunction is in the public interest. For all these reasons, the preliminary injunctive relief requested in the TRO Motion must be denied.

### IV. Order and Recommendation

Accordingly, IT IS ORDERED that defendant's motion (ECF No. 28) for the court to screen the third amended complaint is GRANTED. It is further RECOMMENDED that:

1. The case proceed solely on plaintiff's claim in the third amended complaint, ECF No. 27, that Rodriguez and/or the Doe defendant opened his legal mail outside his presence in violation of plaintiff's rights under the First and Sixth Amendments. Should the district judge adopt this recommendation:

   a) Rodriguez must be reinstated on the docket as a named defendant;

   b) The court will direct service of the third amended complaint, ECF No. 27, on Rodriguez; and

   c) The court will allow plaintiff the opportunity to identify the Doe defendant through discovery, and plaintiff will be required to identify the Doe defendant with enough information to locate the Doe defendant for service of process.

2. The TRO Motion, ECF No. 22, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections.

/////
/////
/////
/////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE